UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00630-MOC
3:15-cr-00147-2-MOC

| | |
|---|---|
| **JOSE CARMEN SOSA,** | ) |
| Petitioner, | ) |
| Vs. | ) ORDER OF DISMISSAL |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

**THIS MATTER** is before the court on initial review of petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). While petitioner has clearly filed a timely petition that has been signed under penalty of perjury, the court has determined that he has not stated a colorable claim and will dismiss this petition.

While plaintiff asserts that he is entitled to relief under Johnson v. United States, 135 S.Ct. 2551, 2015 WL 2473450 (June 26, 2015), and has attached a five-page brief in support of that argument, nothing about his conviction or sentencing bears any relationship to the issues decided in Johnson. First, petitioner was sentenced on February 23, 2016, well after Johnson was decided; thus, the court was well aware of Johnson and would not have sentenced petitioner in a manner that was contrary to Johnson. Second, petitioner was sentenced with a Criminal History Category I, thus having no convictions that could conceivably make him a career offender. Third, the only enhancement this court sustained at sentencing was a two-level enhancement under § 2D1.1(b)(1) of United States Sentencing Guidelines for possession of two firearms at the time of the offense. Otherwise, petitioner's sentence was driven by his sole offense of conviction, a drug trafficking, which carried a Base Offense Level of 30.

1

Having carefully considering the contentions in the motion, it appears that petitioner has misread the holding in Johnson, which dealt with sentencing *enhancement*s under the Armed Career Criminal Act. Petitioner argues that Johnson should be read to defeat the definition of "crime of violence" found in 18 U.S.C. § 16, arguing that this court should hold that provision to be "unconstitutionally vague." That definition, however, has absolutely nothing to do with the petitioner's offense of conviction, to wit, Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, or the sentence imposed on that conviction. Thus, neither petitioner's conviction, his sentence, nor any enhancement to his sentence was in any way dependent upon a previous conviction of a crime of violence.

Clearly, the brief petitioner has included within the body of his motion has been cut and pasted from someone else's petition as it bears absolutely no relationship to the offense or the sentence in this case. The definition of "crime of violence" found in § 16 has absolutely nothing to do with the sentence this court imposed in this case as petitioner's sentence was driven by Chapter Two of the Sentencing Guidelines, which took into account petitioner's conviction for a drug offense and possession of guns during that offense, not Chapter Four, which deals with enhancements and changes to criminal history category or scores, career offender status, or criminal livelihood determinations.

In his prayer for relief, petitioner asks this court to "[v]acate any enhancement that raised my sentence for a gun." Motion (#1) at 18. While petitioner clearly received a two-level enhancement for being in possession of firearms at the time of the drug offense, Johnson provides absolutely no avenue for relief. More importantly, at least as to petitioner's claim, the sentence imposed was in no manner reliant on the definition of "Crime of Violence" found in § 16. As

petitioner has failed to state a colorable claim for relief under 28 U.S.C. § 2255, the court will dismiss the petition.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence (#1) is **DISMISSED** for failure to state a colorable claim for relief.

Signed: September 6, 2016

Max O. Cogburn Jr.
United States District Judge

3